LARS T. FULLER (No. 141270)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>SARAMINO DEVELOPMENT, LLC<br><br>            Debtor | Case No.: 12-50361-CN<br><br>**APPLICATION FOR COMPENSATION**<br><br>CHAPTER 7<br><br>Date: Sept. 17, 2013<br>Time: 2:00 p.m.<br>Court: 3070 |

Comes now The Fuller Law Firm, P.C., former attorneys for the Debtor in possession while in a Chapter 11 proceeding and respectfully submit the herein application for compensation under Rule 2002 of the Bankruptcy Rules and B.L.R. 9029-1.

### I.　HISTORY AND PRESENT POSTURE OF CASE

Saramino Development, LLC ("Debtor" hereinafter) was formed on April 15, 2008 for among other reasons, to acquired real property commonly known as 15160 Camino Senda, Saratoga, CA, APN: 397-11-033 ("Property" hereinafter). There are two members. Iftikhar Ahmed who holds a 50% interest in Debtor and is the managing and voting member. Farah Faruqui, his wife, is the other 50% member.

The Property was initially purchased by Iftikhar Ahmed and Farah Faruqui on March 28,

2006 for $1,800,000. Approximately $125,000 was expended for repairs to the Property and then the Property was rented from 2006 through 2007. Construction plans were developed in 2007-2008. The Property was transferred to Debtor on July 30, 2008. Construction commenced shortly thereafter enabled by construction loan advances by Vineyard Bank.

On or about July 18, 2008, Debtor executed in favor of Vineyard Bank a Construction Loan Agreement and note pursuant to which Vineyard Bank agreed to loan to Debtor the sum of $3,310,000. On the same date, Debtor executed in favor of Vineyard Bank a promissory note in the original principal sum of $3,310,000. On May 9, 2011 California Bank & Trust (which acquired the assets of Vineyard Bank), recorded a Notice of Default and Election to Sell. On Aug. 23, 2011 it filed a Notice of Sale. A Chapter 11 petition was filed to stay the sale and propose a plan to reorganize to retain the Property.

Iftikhar Ahmed and Farah Faruqui and Debtor allege that California Bank & Trust breached the construction loan agreement and negligently interfered with Debtor's contract with its contractor. These causes of action are the subject of the state court complaint (and cross-complaint) in Saramino Development, LLC, Iftikhar Ahmed, Farah Faruqui v California Bank & Trust, a California Banking Corporation, Santa Clara County Superior Court Case No. 111CV204575. These causes of action were also the subject of an adversary complaint filed in debtor's prior bankruptcy (Northern District of California Case No. 11-59215-ASW) filed as Adversary No. 11-5310-ASW.

Finally, debtor entered into a lease option agreement with Mr. Wasserburger, a Tenant. Because of its timing, it is unclear whether the option agreement was property of the estate. Debtor contended that Mr. Wasserburger was in breach of that agreement. The matter was complicated further due to an insurance loss on the Property. Mr. Wasserburger arranged for the

repairs. Debtor disagreed with some of the expenditures. Mr. Wasserburger makes claim to the insurance proceeds. A court order was necessary to deposit the insurance proceeds into the DIP account. Mr. Wasserburger initiated an adversary proceeding against debtor.

After California Bank and Trust received relief from the automatic stay and foreclosed, the Court issued an Order to Show Cause as to why the case should not be converted or dismissed. On March 20, 2013 the case was converted to a case under Chapter 7.

## II.  TERMS OF REPRESENTATION AND FEE CONCESSIONS

Counsel agreed to represent the Debtor at the firms' ordinary and customary hourly rates existing at the time of retention for the attorneys in the office. The Application for Employment provided for the following rates:

| | |
|---|---|
| Lars T. Fuller | $395.00 |
| Saman Taherian | $365.00 |
| Joyce Lau | $295.00 |

Joyce Lau, an associate, did not do any work on the case. Though the firm is now increasing its billing rates, for the purposes of this application for compensation, the firm will adhere to the rates set forth in the Application for Employment for all time expended on the case.

Debtor and counsel have agreed that counsel would seek reimbursement for actual costs expended. The costs have not been marked up by any amount. No money has been charged for facsimile transmissions, long distance phone calls or photocopies. Nothing has been charged for travel time.

## III.  FEES AND COSTS REQUESTED

Through Mar. 19, 2013, your applicant has expended 208.7 hours of time on this case. Further, after March 19, 2013 your applicant incurred 5.4 hours in the preparation of this

Application for Compensation. Accordingly, your applicant requests approval of compensation of $81,609 variously categorized as follows:

A. Summary By Attorney

| ATTORNEY | HOURS SPENT | RATE | AMOUNT |
|---|---|---|---|
| Lars T. Fuller | 77.1 | $395 | $30,454.50 |
| Sam Taherian | 131.6 | $365 | $48,034 |
| **Subtotal** | **208.7** | | **$78,488.50** |
| Lars T. Fuller (fee application only) | 5.4 | 395 | $2,133 |
| **TOTAL** | **214.10** | | **$80,621.50** |

B. Summary By Category:

| CASE | HOURS | AMOUNT |
|---|---|---|
| Adversary No.1: Saramino v. CBT | 4 | $1,502 |
| Adversary No. 2: Wasserburger v Saramino | 23.4 | $8,583 |
| Calif. Bank & Trust Settlement Negotiations | 46.3 | $17,151.50 |
| IDI | 3.4 | $1,343 |
| Insurance Issues | 12.4 | $4,595 |
| Main Case | 43.2 | $16,902 |
| Mediation | 26.8 | $9,803 |
| Plan and Disclosure Statement | 14 | $5,503 |
| Relief from Stay | 9.9 | $3,646.50 |
| Tenant Negotiations | 25.3 | $9,459.50 |
| **SUBTOTAL** | **208.7** | **$78,488.50** |
| Fee Application | 5.4 | $2,133 |
| **TOTAL** | **214.1** | **$80,621.50** |

C. Summary by Significant Project

1. Saramino Development v. California Bank and Trust, Adv. Proc. No. 11-5310

Saramino's cause of action for Vineyard Bank's failure to perform on its construction loan was an asset of the prior Chapter 7 estate. Ultimately, it was abandoned so that it became an asset of the subsequent Chapter 11 estate and now again is an asset of this Chapter 7 estate.

2. <u>Michael Wasserburger, et al. v Saramino Development, Et al., Adv No. 12-05156</u>

On August 1, 2012, Michael and Ariana Wasserburger filed an Adversary Proceeding against Saramino Development LLC ["Saramino" hereinafter], Iftikhar Ahmed and "Rubina Ahmed," attempting to state the following causes of action: (1) Specific Performance; (2) Intentional Misrepresentation; (3) Accounting; (4) Declaratory Judgment; (5) Quiet Title; (6) Constructive Trust; (7) Declaratory Judgment of Non-dischargability as to Iftikhar and Rubina Ahmed.

Defendants contended that (1) the lease option agreement was void; (2) the lease-option agreement claim was not ripe; (3) plaintiffs were in breach of the lease option agreement; (4) specific performance was inappropriate because Wasserburgers could not show any ability to perform.

Ultimately, the adversary complaint was dismissed.

3. <u>Settlement Negotiations with California Bank and Trust</u>
Shortly after The Fuller Law Firm, P.C. substituted in to represent debtor, extensive negotiations were undertaken with California Bank and Trust to resolve not only the causes of action asserted by Saramino against CBT, but also the delinquencies. Had negotiations been successful, the Chapter 11 could have been dismissed. Though close to settlement, the controversy that arose with Mr. Wasserburger "torpedoed" the deal.

4. <u>Tenant Negotiations</u>

Extensive negotiations took place to resolve the dispute with Mr. Wasserburger, an obstacle to resolution of the CBT controversy. Mr. Wasserburger had a lease option to acquire

the Property though there remain some questions as to whether it was void because it may have been entered into just hours before the filing of a prior bankruptcy petition. Regardless, Mr. Wasserburger wanted to renegotiate the deal, if indeed a valid option agreement existed. Despite a mediation before Judge Newsome, the matter could not be resolved.

D. COSTS

| | |
|---|---|
| Jams Fees: | $4,001.79 |
| Filing fees | $ 60 |
| Postage | $ 18.90 |
| Total | $4,080.69 |

## IV. OTHER PROVISIONS

The fees charged in the herein case and this application complies with The Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees except as follows: the total time expended on the Main case exceeds the $10,000 project limit. It would not be practical to subcategorize this further.

Taking into consideration the time and labor required, the novelty and difficulty of the questions, the skills required to perform the legal services properly, the preclusion of other employment by the attorney due to the acceptance of the case, the customary fee, whether the fee is fixed or contingent, time limitations imposed by the client or other circumstances, the amount involved and the results obtained, the experience, reputation and ability of the attorney, the nature and extent of the professional relationship with the client, and awards in similar cases, the reasonable value of services rendered by your applicant for legal services calculated at attorney's ordinary rate is as follows:

| | |
|---|---|
| Legal services to date: | $80,621.50 |
| Paid by non-estate funds pre-petition | $20,000.00 |

| | | |
|---|---|---|
| | Fees requested | $60,621.50 |
| | Costs for which reimbursement is sought | $ 4,080.69 |
| | TOTAL | $64,702.19 |

Your applicant has not shared and has not agreed to share fees with anyone.

WHEREFORE, your applicant prays that this court allow fees of $80,621.50 and costs of $4,080.69 and authorize The Fuller Law Firm, P.C. to withdraw the $20,000 it is holding in its attorney client trust account with the balance as an allowed claim in the herein Chapter 7 proceeding.

Dated: August 2, 2013

                                THE FULLER LAW FIRM, P.C.

                                By: */s/ Lars T. Fuller*
                                    LARS T. FULLER
                                    Attorney for Debtor

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595