Michael E. Stone, State Bar No. 46016
Leo B. Siegel, State Bar No. 116841
LAW OFFICE OF MICHAEL E. STONE
3425 S. Bascom Avenue, Suite I
Campbell, California 95008
408/377-9899 Telephone
408/377-5270 Facsimile

Attorney for

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>SARAMINO DEVELOPMENT, LLC,<br><br>Debtor.<br>_____/ | Case No. 12-50361-CN<br><br>**OPPOSITION BY CREDITOR WASSERBURGER TO THE APPLICATION FOR COMPENSATION**<br><br>CHAPTER 7<br><br>Date: September 17, 2013<br>Time: 2:00 p.m.<br>Judge: Hon. Charles Novach<br>Courtroom: 3070 |

Creditor Michael Wasserburger (hereinafter referred to as "Creditor"), opposes the Application For Compensation submitted by The Fuller Law Firm, P.C. as follows:

**I. FACTUAL OMISSIONS FROM APPLICATION.**

The Creditor submits that there are three (3) crucial facts omitted from the "History and Present Posture of the Case" contained in the Application. First, the construction loan of $3,310,000 made to the Debtor, Saramino Development, LLC, was personally guaranteed by Iftikhar Ahmed and his wife, Farah Faruqui (hereinafter referred to as "Guarantors").

Second, the Applicant, The Fuller Law Firm, represented said Guarantors throughout the proceeding for which it now seeks to be compensated from the Debtor's estate. This was a serious conflict of interest never brought to the bankruptcy court's attention in either the

1
OPPOSITION BY CEDITOR WASSERBURGER TO THE APPLICATION FOR COMPENSATION

1  Application for an Order authorizing said law firm's employment, nor in the Application before
2  the Court.
3     And third, the money from which the Fuller Law Firm seeks to be compensated all came
4  from this Creditor, part through fraudulent failure to disclose a pending foreclosure and
5  bankruptcy proceeding and part from falsely promising Creditor that if he advanced the funds to
6  pay for repairs to the subject real property (15160 Camino Senda, Saratoga, California 95070),
7  Creditor would be reimbursed in full from the insurance proceeds (yet when the insurance carrier
8  issued a check for Creditor's expenditures, the Debtor and its principal, Mr. Ahmed, refused to
9  endorse it over to Creditor).

## II. IN RE B.E.S. CONCRETE PRODUCTS, INC.

11     The situation before this Court is almost identical to the one presented to the Eastern
12  District of California, U.S. Bankruptcy Court, in the case of *In re: B.E.S. Concrete Products, Inc.,*
13  *Debtor*, 93 B.R. 228 (1988).  There, because the law firm applying for compensation represented
14  the individual guarantors as well as the debtor in litigation matters, the Court denied payment of
15  any fees, in part as a sanction for failing to openly and publicly disclose the potential conflict of
16  interest and in part because there was no attempt to allocate the fees among the clients
17  represented.
18     In fact, the B.E.S. court pointed out that the applicant law firm was legally ineligible to be
19  appointed counsel for the Debtor due to the simultaneous representation of other non-debtor
20  litigants whose positions are adverse to the estate *Id.* 93 B.R. 228, 229.  At page 234 of said
21  decision, the Court also pointed out that "A guarantor on a corporate debt has a natural conflict
22  with the principal and with other guarantors."  And like Mr. And Mrs. Swartz in the *In re: B.E.S.*
23  case, Mr. Ahmed and his wife are not Debtors in a bankruptcy case, such that "If a money
24  judgment were enforced against them, they would become creditors of the estate.  That would
25  invite litigation of subordination issues under 11 U.S.C § 510." *Ibid.*, pg. 235.  In other words, a
26  non-waivable conflict of interest.
27     The *In re: B.E.S.* Court then analyzed "the effect of failure to disclose facts pertinent to
28  identify a conflict of interest as required by Bankruptcy Rule 2014", which must be in "plain and

public view", not hidden away in "petitions, schedules, Section 341 meeting testimony, or other sources". And it concluded that fees should be denied to the applicant noting that "a denial of fees from the estate does not preclude Counsel from recovering the fees from its other clients in the lawsuit". *Ibid.* pg. 237. The same reasoning should be applied to the case at hand.

III. ANALYSIS OF APPLICATION

While it is hard to tell what Applicant did in what it terms the "main case" to generate 43.2 hours for $16,902 (there is no breakdown on the time spent, nor how it in any way benefitted the Debtor's estate), the Application does acknowledge that the Fuller Law Firm has already been paid $20,000 for its services and costs (page 6, line 28). That should be sufficient for services rendered only on behalf of the Debtor. Every other charge should be paid, if at all, by Mr. Ahmed and Ms. Faruqui, the law firm's other clients in the matters.

The Ninth Circuit, in <u>Leichty v. Neary (In re: Strand)</u> 375 854 (2004), explained that a reasonable fee allowance under Bankruptcy Code § 330 requires answering five questions: First, were the services authorized? (In the case at hand, that is debatable when reading the Order entered February 3, 2012 authorizing employment). Second, were the services necessary or beneficial to the administrator of the estate at the time they were rendered? (Again, debatable, since said services appeared more aimed at protecting the individual guarantors than the Debtor). Third, are the services adequately documented? (This time, not even debatable, as they are woefully not documented in the Application). Fourth, are the fees requested reasonable, taking into consideration the factors set forth in § 330(a)(3)? (Creditor submits that they are not reasonable, being $80,000 to accomplish little more than a delay in the foreclosure of the Debtor's only asset, the subject property); and finally, did the professional exercise reasonable billing judgment? (Same answer as above regarding reasonableness). *Ibid.* pg. 860.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

1  /////

## IV. CONCLUSION

For the reasons given, Creditor Wasserburger respectfully submits that the Application For Compensation should be denied, not just because it is his money the Applicant seeks to be paid from, but because the Fuller Law Firm represented Mr. Ahmed and his wife in the same litigation, and is therefore not eligible to be compensated from the Debtor's estate in the first place.

Dated: September 5, 2013

Respectfully submitted,

LAW OFFICE OF MICHAEL E. STONE

/ S / Michael E. Stone

Michael E. Stone, Attorney for Creditor,
MICHAEL WASSERBURGER