

**The following constitutes
the order of the court. Signed December 18, 2013**

_____
Charles Novack
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

SARAMINO DEVELOPMENT, LLC ,

    Debtor.

Case No. 12-50361 CN
Chapter 7

**ORDER DENYING APPLICATION FOR COMPENSATION**

    On September 17, 2013, this court conducted a hearing to consider the first and final fee application by the Fuller Law Firm, which represented Saramino Development, LLC ("Saramino") in its Chapter 11 bankruptcy. This court converted the Chapter 11 case to a Chapter 7 proceeding by order dated March 20, 2013. All appearances were made on the record. After reviewing the fee application (which requests $80,621.50 in fees and reimbursement of $4,080.69 in costs) and the objection filed by creditors Michael and Ariana Wasserburger, the parties were ordered to file supplemental memoranda of law and declarations regarding whether the Fuller Law Firm failed to disclose certain potential and/or real conflicts of interest in its employment application. The parties having filed their supplemental documents, this order represents this court's findings of fact and conclusions of law.

    This court's November 1, 2012 relief from stay order provides a short but pertinent history of Saramino's pre-petition business activities, the Superior Court litigation which led to this Chapter 11 filing, and Saramino's Chapter 11 bankruptcy case.[1] Simply, Saramino's pre-petition conduct and its actions as a debtor-in-possession in this case were less than ideal. Saramino had no prospects of

_____

[1] This court incorporates its November 1, 2012 order herein.

1

confirming a confirmed Chapter 11 plan, and its conduct as a developer and putative landlord all but assured its Chapter 7 conversion. Rather than steering clear of some of its pre-petition entanglements and simply guiding Saramino through the Chapter 11 thickets, the Fuller Law Firm also decided, during the pendency of the Chapter 11 case, to represent Saramino's two LLC members in the Superior Court litigation. The Fuller Law Firm did not disclose this representation in its Chapter 11 employment application as required by Bankruptcy Code 327(a) and Federal Rule of Bankruptcy Procedure 2014, or in any other pleading filed in this court. These significant omissions require this court to determine whether it can award the Fuller Law Firm any compensation for its work as general Chapter 11 counsel.

Saramino filed its Chapter 11 case on January 18, 2012 to stay a trustee's sale of its primary asset (real estate located at 15160 El Camino Senda, Saratoga, California) by secured creditor Vineyard Bank. When Saramino filed its case, it was a co-plaintiff in Santa Clara Superior Court litigation against Vineyard Bank, in which Saramino alleged that Vineyard Bank had failed to fully fund a construction loan for the Saratoga property. Saramino's co-plaintiffs were its two (and only) LLC members, Iftikhar Ahmed ("Ahmed") and Farah Faruqui ("Faruqui"), who had personally guaranteed the Vineyard Bank construction loan. Vineyard Bank ultimately asserted cross-claims against Ahmed and Faruqui on their guarantees. Theodore Chavez, another local attorney, originally represented Saramino, Ahmed and Faruqui in the Superior Court litigation.

Saramino filed its Chapter 11 without an attorney. It promptly thereafter retained the Fuller Law Firm to act as its bankruptcy counsel, and the firm filed its employment application with this court on January 26, 2012. This court approved its employment as general Chapter 11 counsel by order dated February 3, 2012. In its employment application (which Ahmed executed under penalty of perjury) Saramino represented that "To the best of the Debtor's knowledge, the members and associates of The Fuller Law Firm ... do not have any connection with the Debtor, [its] creditors, or any other party in interest ... are 'disinterested persons' as that term is defined by Section 101(14) of the Bankruptcy Code ... and do not hold or represent any interest adverse to the estate, except as may be set forth in his Application and in the accompanying declarations." No such exceptions were noted.

Lars Fuller submitted a declaration in support of the employment application, which vouched for Ahmed's statements. Fuller's declared that "To the best of my knowledge, neither The Fuller Law Firm, P.C. nor any of its attorneys has ever represented any of the creditors or any parties in interest in the herein case, and has no connection with any of the creditors or any parties in interest whatsoever."[2] At no time did the Fuller Law Firm amend or supplement its employment application or make any other disclosures regarding its relationship with any interested parties.

Fuller's claim of "disinterestedness" is seemingly belied by his firm's contemporaneous decision to represent Ahmed and Faruqui in the Superior Court litigation.[3] The Superior Court docket states that the Fuller Law Firm commenced representing Ahmed and Faruqui on February 1, 2012 - two days before this court approved the firm's employment application. The Fuller Law Firm represented Ahmed and Faruqui until September 2013, well after Saramino's Chapter 11 converted to Chapter 7. As stated above, the firm never disclosed this representation to the court.

Both Ahmed and Faruqui have filed substantial claims in the Chapter 7 case. Their proof of claims include a reimbursement demand for, among other things, $38,375 paid to the Fuller Law Firm (the firm disclosed that it received a $20,000 retainer from Ahmed in its employment application), and several hundred thousand dollars in a potential deficiency claim by Vineyard Bank on their guarantees.

Bankruptcy Code § 327(a) authorizes a Chapter 11 debtor-in-possession to retain Chapter 11 general counsel subject to court approval. That code section provides in pertinent part that "Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." To allow the court to determine "disinterestedness," Federal Rule of Bankruptcy Procedure 2014 requires that prospective Chapter 11 counsel fully disclose all connections to creditors and other

---

[2] The employment application and declaration did disclose, however, that Ahmed had provided The Fuller Law Firm with its $20,000 Chapter 11 retainer for the Saramino filing.

[3] The Fuller Law Firm also substituted into the Superior Court litigation for Saramino.

3

interested parties.

Section 327 thus imposes two express requirements. First, the professional must be "disinterested." Section 101(14)(E) of the Bankruptcy Code states in pertinent part that a "disinterested person" is someone who "does not have an interest materially adverse to the interest of the estate ... for any ... reason." The professional must also not "hold or represent an interest adverse to the estate." These two requirements apply when the professional applies for employment and throughout the case. See, e.g., *In re Granite Partners, L.P.*, 219 B.R. 22 (Bankr. S.D.N.Y. 1998).

While the Bankruptcy Code does not define "adverse interest," this term typically means either "(1) the possession or assertion or any economic interest that would tend to lessen the value fo the bankruptcy estate or create an actual or potential dispute with the estate as a rival claimant, or (2) a predisposition of bias against the estate. ... More generally, it includes any interest or relationship, however slight, that 'would even faintly color the independence and impartial attitude required by the Code and Bankruptcy Rules." [citations omitted.] *Granite Partners*, *supra*, at 33.

The disinterestedness/disclosure requirement is not be taken lightly. "Pursuant to § 327, a professional has a duty to make full, candid and complete disclosure of all facts concerning his transactions with the debtor. Professionals must disclose all connections with the debtor, creditors and parties in interest, no matter how irrelevant or trivial those connections may seem. The disclosure rules are not discretionary. " *In re Mehdipour*, 202 B.R. 474, 480 (Bankr. 9th Cir. 1996). Moreover, the disclosure requirement is not static but instead creates an ongoing duty to disclose for the duration of the Chapter 11 case. See *In re Granite Partners*, *supra*, at 33. As the Ninth Circuit Bankruptcy Appellate Panel has noted, "[o]nce the true facts are known, the bankruptcy court has considerable discretion in determining whether to disallow all, part or none of the fees and expenses of a properly employed professional." *In re Triple Star Welding, Inc.*, 324 B.R. 778,789 (Bankr. 9th Cir. 2005).

This court is dismayed at the Fuller Law Firm's failure to timely disclose its representation of Ahmed and Faruqui in the Superior Court litigation. Ahmed and Faruqui were not insignificant, unsecured creditors, but rather the guarantors of the largest and most significant Chapter 11 claim. While the Fuller Law Firm contends that the parties' interests were fully aligned, that no conflict

4

**ORDER DENYING APPLICATION FOR COMPENSATION**

existed and that its omission was thus de-minimus, this court cannot easily accept this analysis. First, there is no evidence that the Saratoga property was worth more than the Vineyard Bank debt against it, and the proof of claims filed by Ahmed and Faruqui indicate that Vineyard Bank's trustee sale created a substantial claim on their guarantees. In addition, the Wasserburgers asserted serious f breach of contract and fraud allegations against Saramino, Ahmed and Faruqui regarding their lease of the Saratoga property. The leasing fiasco was one of the reasons why this court converted this case. Indeed, this bankruptcy petition and the more than eighty thousand dollars in fees at issue herein, were filed and incurred, respectively, not to save the LLC but to address its members' potential liability on their guarantee. The steps taken by the Fuller Law Firm to prosecute the Chapter 11 case - for example, the flimsy Chapter 11 plan that was filed (but not pursued) to starve off relief from stay under Bankruptcy Code § 362(d)(3), demonstrates that the real parties in interest here were Ahmed and Faruqui. This scenario created an actual conflict of interest between Saramino and its two LLC members. The Fuller Law Firm should not have agreed to represent all parties, and once having done so, it should have fully disclosed the full scope of its representation to allow this court to timely determine its right to be employed as Chapter 11 counsel. Given the magnitude of the ongoing omission, this court must impose the harsh result of denying the fee application in full. See, e.g., *In re Park-Helena Corp.*, 63 F.3d 877 (9th Cir. 1995).

**\* \* \* END OF ORDER \* \* \***

**COURT SERVICE LIST**

Case No. 12-50361 CN

Saramino Development, LLC
858 Harrison Ave.
Campbell, CA 95008